**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAREN KAY BUCKLEY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **UNIVERSAL SEWING SUPPLY, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT

Plaintiff Karen Kay Buckley ("Buckley"), by her attorneys McNees Wallace & Nurick LLC, for her Complaint against Defendant Universal Sewing Supply, Inc. ("Universal"), alleges on knowledge as to her own actions and otherwise on information and belief as follows:

## NATURE AND BASIS OF THE ACTION

1.      This is an action brought by Buckley, an award-winning quilt designer, popular quilting instructor, author of quilt books, and designer of a popular line of quilting tools, against Universal for copyright infringement under 17 U.S.C. §501, and under the Lanham Act, 15 U.S.C. § 1051 *et seq.,* for trade dress infringement and unfair competition.  Buckley seeks preliminary and permanent injunctive relief, lost profits, statutory and compensatory damages, attorneys' fees, and other relief, relating to Universal copying of the distinctive

product trade dress of Buckley's KAREN KAY BUCKLEY'S PERFECT

SCISSORS brand scissors ("Buckley's Scissors"), the distinctive Display product

trade dresses of Buckley's Scissors, and of Buckley's copyrighted package designs.

## **PARTIES**

2.      Plaintiff Karen Kay Buckley is an adult individual having a home

address at 1237 Holly Pike, South Middleton Township, Cumberland County,

Pennsylvania  17013.

3.      Upon information and belief, Defendant Universal is a corporation

organized and existing under the laws of Missouri with an address at 1011 East

Park Industrial Drive, St. Louis, Missouri  63130.

## **JURISDICTION AND VENUE**

4.      This Court has original jurisdiction over the copyright and Lanham

Act claims pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a) & (b) and 15 U.S.C.

§1121.

5.      This Court has original jurisdiction over the state law unfair

competition claims pursuant to 28 U.S.C. §1338(b).

6.      This Court has supplemental jurisdiction over all state law claims

pursuant to 28 U.S.C. §1367.

7.     Upon information and belief, this Court has personal jurisdiction over Defendant because it is present and doing business in the Commonwealth of Pennsylvania either directly or through its agents and has distributed infringing product to and for sale in the Commonwealth of Pennsylvania.

8.     Venue in this District is proper under 28 U.S.C. §1391 because Defendant is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

### Buckley and Buckley's Product Trade Dress, the Copyrighted Works and Buckley's Display Product Trade Dress

9.     Buckley is a popular quilting instructor, the author of five books on quilting and an award-winning quilt designer.  Buckley has been a quilt instructor since 1990 and has taught classes and lectured throughout the United States as well as outside of the United States.

10.     To date, Buckley has completed approximately 400 quilts, more than 300 of which are her personal designs.  These quilts have received hundreds of awards including fifteen (15) Best of Show.  Two of those Best of Show quilts are now owned and displayed in the National Quilt Museum.  Photographs of

Buckley's original quilts have been featured on the cover of sixteen (16) national or international magazines.

11.     Buckley has produced and published approximately 30 differing quilting patterns so that others may recreate her original quilt designs.

12.     In 1999, Buckley developed her first quilting related product: PERFECT CIRCLES, a plastic template now used by hundreds of thousands of quilters.  To date, Buckley has approximately twenty (20) quilting related products and notions, including, but not limited to:  PERFECT OVALS, PERFECT LEAVES, PERFECT STEMS, PERFECT PINS, PERFECT RULERS, PERFECT ADJUSTABLE SQUARE, and PERFECT SCISSORS, all sold under her name and moniker:  KAREN KAY BUCKLEY'S PERFECT Quilting Products.

13.     Buckley has appeared in numerous television programs, including being featured on a Lifetime television limited series.  She also has appeared on podcasts, been interviewed by many newspapers, magazines, and television stations, written numerous magazine articles and appeared in videos, podcasts and social media forums, all relating to quilting methods, quilting designs, her own quilts and her quilting related products.

14.     In 2010, in addition to the above-referenced quilting related products, Buckley began selling Buckley's Scissors in both large and small size styles ("Buckley's Large Scissors" and "Buckley's Small Scissors" respectively.)

15.     Buckley's Scissors feature a unique product trade dress consisting of black blades, Buckley's "Karen Kay Buckley" signature etched into one blade, and brightly colored plastic handles, in light green, light blue, or purple ("Buckley's Scissors Trade Dress").  The handles of Buckley's Large Scissors are colored purple and the handles of Buckley's Small Scissors are colored green.  Buckley's Large Scissors in Buckley's Large Scissors Trade Dress consisting of black blades, Buckley's "Karen Kay Buckley" signature etched in one blade and purple handles are pictured below:



Buckley's Large Scissors Trade Dress

Buckley's Small Scissors in Buckley's Small Scissors Trade Dress consisting of black blades, Buckley's "Karen Kay Buckley" signature etched in one blade and green handles are pictured below:



Buckley's Small Scissors Trade Dress

16.     Buckley's Small Scissors Trade Dress and Buckley's Large Scissors

Trade Dress each constitutes an arbitrary combination of arbitrary design elements,

the overall appearance and the elements of which are nonfunctional and distinctive.

17.     In 2010, Buckley and Josh Hercher designed packaging for Buckley's

Large Scissors ("Buckley's Large Scissors Packaging").  Buckley's Large Scissors

Packaging is pictured below:




Front                                           Back

18.    In 2019, Hercher assigned ownership of his rights in Buckley's Large

Scissors Packaging to Buckley.  As a result, Buckley owns any and all copyrights

in Buckley's Large Scissors Packaging.  A true and correct copy of Buckley's

Large Scissors Packaging is attached as Exhibit A.

19.    In 2019, Buckley obtained a registered copyright in Buckley's Large

Scissors Packaging, having registration number VA0002148913.  A screenshot

from the website for the United States Copyright Office showing the registration

number is attached hereto as Exhibit B.

-8-

20.    Buckley and Hercher also designed packaging for Buckley's Small Scissors ("Buckley's Small Scissors Packaging").  Buckley's Small Scissors Packaging is pictured below:




Front                                                   Back

21.    In 2019, Hercher assigned ownership of his rights in Buckley's Small Scissors Packaging to Buckley.  As a result, Buckley owns any and all copyrights

in Buckley's Small Scissors Packaging.  A true and correct copy of Buckley's

Small Scissors Packaging is attached as Exhibit C.

22.     In 2019, Buckley obtained a registered copyright in Buckley's Small

Scissors Packaging, having registration number VA 2-148-719.  A copy of the

certificate of registration is attached hereto as Exhibit D.

23.     In 2013, Buckley added medium style scissors ("Buckley's Medium

Scissors") to her line of PERFECT SCISSORS brand scissors.  Buckley's Medium

Scissors were produced with Buckley's Product Trade Dress of black blades with

Karen Kay Buckley's signature etched into one blade and with brightly colored

handles, with Buckley's Medium Scissors having light blue colored handles.

Buckley's Medium Scissors in Buckley's Medium Scissors Trade Dress consisting

of black blades, Buckley's "Karen Kay Buckley" signature etched in one blade and

blue handles are pictured below:



Buckley's Medium Scissors Product Trade Dress

24.    Buckley's Scissors Trade Dress of Buckley's Medium Scissors constitutes an arbitrary combination of arbitrary design elements, the overall appearance and the elements of which are nonfunctional and distinctive. (Collectively, the trade dresses of Buckley's Large Scissors, Buckley's Medium Scissors and Buckley's Small Scissors are referred to as "Buckley's Scissors Trade Dresses").

25.    Buckley and Hercher designed packaging for Buckley's Medium Scissors ("Buckley's Medium Scissors Packaging").  Buckley's Medium Scissors Packaging is pictured below:




Front                                        Back

26.     In 2019, Hercher assigned ownership of his rights in Buckley's

Medium Scissors Packaging to Buckley.  As a result, Buckley owns any and all

copyrights in Buckley's Medium Scissors Packaging.  A true and correct copy of

Buckley's Medium Scissors Packaging is attached as Exhibit E.

27.     In 2019, Buckley obtained a registered copyright in Buckley's

Medium Scissors Packaging, having registration number VA 2-149-194.  A copy

of the unofficial preview of the certificate of registration is attached hereto as Exhibit F.

28.     Buckley's Large Scissors Packaging, Buckley's Medium Scissors Packaging, and Buckley's Small Scissors Packaging (collectively referred to as "Buckley's Copyrighted Works") are wholly original, and Buckley is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Works.

29.     Buckley's Scissors packaged for display in the Copyrighted Works are pictured below:



Buckley's Large Scissors are packaged for display in Buckley's Large Scissors Packaging ("Buckley's Large Scissors Display Trade Dress"), Buckley's Medium Scissors are packaged for display in Buckley's Medium Scissors Packaging ("Buckley's Medium Scissors Display Trade Dress") and Buckley's Small Scissors are packaged for display in Buckley's Small Scissors Packaging ("Buckley's Small Scissors Display Trade Dress").  (Collectively, these trade dresses are referred to as "Buckley's Display Trade Dresses.")

30.     Buckley's Display Trade Dresses features Buckley's Scissors Trade Dresses together with the Copyrighted Works.

31.     Each of Buckley's Display Trade Dresses constitutes an arbitrary combination of arbitrary design elements, the overall appearance and the elements of which are nonfunctional and inherently distinctive.

32.     To date, Buckley has sold approximately 500,000 of Buckley's Scissors, all of which bear Buckley's Scissors Trade Dresses and have been distributed packaged in one of the Copyrighted Works and in one of Buckley's Display Trade Dresses.

33.     Buckley has produced several videos and podcasts about Buckley's Scissors which show the Copyrighted Works, Buckley's Scissors Trade Dresses, and Buckley's Display Trade Dresses.

34.     Buckley advertises Buckley's Scissors through her website, quilt guilds, websites, social media, You Tube channels, videos, magazines, appearances at National and International Quilting Events and Shows, and through professional quilting organizations.  Her distributors advertise her scissors in publications, video blasts, newsletters, and wholesale literature to their vendors and consumers of the scissors.

35.     As a result of substantial sales and promotion through out the United States, Buckley's Scissors Trade Dresses and Buckley's Display Trade Dresses have become distinctive and have come to identify and indicate the source of the products to consumers and the trade.  Buckley's Scissors Trade Dresses and Buckley's Display Trade Dresses have developed substantial goodwill, have become closely associated with the PERFECT SCISSORS brand scissors distributed by Buckley, and have come to symbolize the source of that product.  In light of the distinctiveness of Buckley's Scissors Trade Dresses and Buckley's Display Trade Dresses, as well as the duration and extent of Buckley's sales, marketing and use of these trade dresses throughout the United States, Buckley's Scissors Trade Dresses and Buckley's Display Trade Dresses are distinctive among consumers in the Commonwealth of Pennsylvania and throughout the United States.

## Defendant's Unauthorized Copying and Use of Buckley's Scissors Trade Dresses, the Copyrighted Works and Buckley's Display Product Trade Dresses.

36.     In 2017, Universal contacted Buckley regarding becoming a distributor of her products.  Philip Samuels, Universal's CEO, stated that Buckley's PERFECT SCISSORS were becoming the best-known scissors in the market and that Universal desired to become a distributor.  Samuels agreed that Universal

would only distribute Buckley's products through its more than a dozen sales representatives to independent sewing and quilting stores in the United States. Samuels agreed that Universal would not sell to mass retailers including Walmart, Kmart and JoAnne Fabrics, and it did not and would not sell to anyone selling products on Amazon.com.

37.     In 2018, Buckley determined that Universal was selling her products, including the Perfect Scissors products, outside of Universal's authorized channels for distribution.  In 2018, Buckley terminated her relationship with Universal as a distributor for her products.  She informed Universal that the reason for termination was because Universal was selling outside of its authorized channels for distribution.

38.     In 2019, Buckley learned that Universal was manufacturing, promoting, marketing, advertising, selling, and distributing medium and small size scissors ("Universal's Scissors") which copied Buckley's Scissors Trade Dresses, the Copyrighted Works and Buckley's Display Trade Dresses.  On information and belief, Universal markets, distributes and sells its infringing products on Amazon.com, in the Commonwealth of Pennsylvania and within this Judicial District.

39.     Universal's Scissors look nearly identical to Buckley's Scissors. Universal's Scissors use the same black color for the blades and bear an etched signature in script on the top blade, as do Buckley's Scissors.  Universal even chose a five-syllable name to etch on the blades, copying the five syllables of Buckley's name.  In addition, Universal's medium scissors have handles in a light blue color, which is identical to the shade of blue Buckley uses for Buckley's Medium Scissors, and Universal's small scissors have handles in a light green color, which is identical to the shade of green Buckley uses for Buckley's Small Scissors. Furthermore, Universal's medium scissors feature the signature in the same location as is Buckley's signature on Buckley's Medium Scissors, above the pivot point of the blades, and Universal's Small Scissors features the signature in the same location as Buckley's signature on Buckley's Small Scissors, below the pivot point of the blades.  Buckley's Medium Scissors (right) and Universal's Medium Scissors (left) are pictured side by side below:



Buckley's Small Scissors (right) and Universal's small scissors (left) are pictured side by side below:



40.    On information and belief, Universal also intends to manufacture,

advertise, market, sell and distribute scissors in a large size which will bear purple

handles.

41.   Universal intentionally copied the Copyrighted Works and Buckley's Display Trade Dresses to create the packaging for Universal's Scissors (the "Infringing Works") so that Universal's scissors would look as though they were part of Buckley's line of PERFECT SCISSORS brand scissors.  Universal's Scissors within their packaging are pictured below:





42.     That Universal copied the Copyrighted Works is evidenced by the striking similarities between the Copyrighted Works and the Infringing Works as evident when the Copyrighted Works and Infringing Works are pictured together as shown below:





43.     The similarities between the Infringing Works and the Copyrighted Works are substantial and include, but are not limited to, the following:

a.   Universal's medium scissors are packaged in blisterpack

packaging identical in dimension to Buckley's Medium Scissors

Packaging and Universal's small scissors are packaged in

blisterpack packaging identical in dimension to Buckley's Small

Scissors Packaging, and include identically sized notches on the

right bottom corner of the cardboard and identical cut-outs in

the backerboard behind the left handle opening;

b.   The Infringing Works feature a contrasting color in the top

twenty (20%) percent of the cardboard with a gently curved

shape to the line of separation with the larger background area

as well as a thin line between the two areas with the longer side

of the area being the exact same length as that used on

Buckley's Scissors Packaging;

c.   The Infringing Works copy the colors used by the Copyrighted

Works;

d.   The Infringing Works feature small stylized flower designs,

similar to the small stylized flowers on the Copyrighted Works;

e.   The Infringing Works feature copy on the front of the

backerboards that is substantially similar to the copy on the

Copyrighted Works, i.e. "Micro-serrated blade" vs "Micro serrated blade" and "soft and comfortable cushioned handles" vs "Comfortable and soft handles;"

f.    The Infringing Works use a gray, white, and black color scheme for the back of the cardboard similar to the color scheme used by the Copyrighted Works for the back of the cardboard;

g.    The Infringing Works feature copy on the back of the cardboard that is almost identical to the copy on the back of the cardboard for the Copyrighted Works:

i.    "what are the advantages of a micro-serrated blade?" vs. "advantages of micro serrated blade";

ii.    "Easily cuts multiple layers of light fabric!" vs. "Cuts 1 to 2 layers of cotton fabric easily";

iii.    "Helps prevent fraying" vs. "Helps to prevent frayed edges";

iv.    "Keeps fabric from slipping!  Makes cutting more accurate" vs. "Keeps fabric from slipping so cutting is more accurate".

-26-

44.    The similarities between the Infringing Works and the Copyrighted Works cannot be explained other than as a result of copying.

45.    Universal copied the Copyrighted Works without Buckley's authorization, consent or knowledge, and without any remuneration to Buckley.

46.    Upon information and belief, since Universal copied the Copyright Works to create the Infringing Works, Universal has manufactured, advertised, marketed, and sold Universal's Scissors Display in the Infringing Work.  Universal continues to manufacture, advertise, market and sell Universal's Scissors Display in the Infringing Works.

47.    On information and belief, Universal's Scissors are sold to similar consumers as are Buckley's Scissors and for the same use as are Buckley's Scissors.

48.    Universal's use of a product design and package design confusingly similar to Buckley's Scissors Trade Dresses and to Buckley's Display Trade Dresses is likely to cause confusion, mistake, or deception of purchasers and the consuming public as to the source or origin of Universal's goods.  A substantial number of actual and potential purchasers and consumers, upon encountering Universal's Scissors, whether inside their packaging or outside of their packaging, or advertisements which picture Universal's Scissors or packaging, are likely to

mistakenly believe that Universal's goods originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to Buckley or Buckley's Scissors.

49.     By letter from her legal counsel dated April 9, 2019, Buckley advised Universal that it was engaging in trademark and copyright infringement and that it should immediately cease infringing Buckley's intellectual property rights. Universal's response through legal counsel indicated that Universal had no intention of stopping its infringing conduct.

50.     Universal's acts are causing and will continue to cause damage and irreparable harm to Buckley and the valuable reputation and good will of Buckley's Scissors Trade Dresses and Buckley's Display Trade Dresses with purchasers and consumers.

## COUNT ONE – COPYRIGHT INFRINGEMENT

51.     Paragraphs 1-50 above are incorporated herein as if set forth in full.

52.     Buckley is the owner of a valid, registered copyright in, and has standing to sue for infringement of, the Copyrighted Works.

53.     Universal had actual notice of the copyright in the Copyrighted Works.

54.     Universal has committed copyright infringement in violation of 17 U.S.C. §501 by its reproduction, distribution, display and sale of the Infringing Works, which are copied from and substantially similar to the Copyrighted Works without Buckley's permission.

55.     On information and belief, Universal's actions were intentional.

56.     Upon information and belief, Universal's infringement has been willful and deliberate and has caused injury and damages to Buckley for which Buckley is entitled to an injunction and to recover her actual damages or, at her option, statutory damages, for each and every infringing act, as well as her reasonable attorneys' fees and costs.

## COUNT TWO – TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

57.     Paragraphs 1-56 above are incorporated herein as if set forth in full.

58.     This claim is for trade dress infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

59.     By its unauthorized use of the trade dress for Universal's Scissors and packaging, Universal has infringed Buckley's Scissors Trade Dresses and Buckley's Display Trade Dresses, falsely designated the origin of its products and competed unfairly with Buckley, in violation of 15 U.S.C. §1125(a).

60.     On information and belief, Universal's acts of trade dress infringement, false designation of origin and unfair competition have been done willfully and deliberately and Universal has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

61.     Universal's acts described above have caused injury and damages to Buckley, have caused irreparable injury to Buckley's good will and reputation and, unless enjoined, will cause further irreparable injury, whereby Buckley has no adequate remedy at law.

## COUNT THREE - UNFAIR COMPETITION

62.     Paragraphs 1-61 above are incorporated herein as if set forth in full.

63.     This claim is for trademark infringement and unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

64.     Universal's use of its infringing product design and packaging design, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

65.     Upon information and belief, Universal's acts of common law trademark infringement, passing off, and unfair competition have been done willfully and deliberately and Universal has profited and been unjustly enriched by sales that Universal would not otherwise have made but for its unlawful conduct.

**WHEREFORE,** Plaintiff Karen Kay Buckley demands that judgment be entered in her favor and against Defendant and that the following relief be granted:

A.    Entry of an order enjoining Defendant Universal Sewing Supply, Inc., and its affiliates, agents, employees, attorneys, and all other persons in active concert or participation with them, all those who receive actual notice by personal service or otherwise:

i.    from further reproduction, distribution, sale, or creation of the Copyrighted Works and any and all derivative works based on the Copyrighted Works;

ii.    from using Buckley's Scissors Trade Dresses and Buckley's Display Trade Dresses;

iii.    from using in any media, for any purpose (a) Universal's Scissors trade dress, Universal's packaging, Buckley's Scissors Trade Dresses, Buckley's Display Trade Dresses, or any other trade dress or product design confusingly similar to Buckley's Scissors Trade Dresses or Buckley's Display Trade Dresses; and

iv.    from otherwise competing unfairly with Buckley.

B.    A declaration that Universal infringed Buckley's copyrights;

C.      Ordering that Universal be adjudged to have violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§1114, 1125(a) and 1125(c), and to have committed acts of trademark infringement and unfair competition in violation of Pennsylvania Cons. Stat. Ann. Title 54 §1124;

D.      Ordering an accounting of all gains, profits, savings, and advantages realized by Universal from its acts of trademark infringement, false designation of origin and unfair competition, and awarding treble profits pursuant to Pennsylvania Cons. Stat. Ann. Title 54 §1123 on the ground that Defendant engaged in its wrongful acts with knowledge or bad faith or under other circumstances warranting treble profits;

E.      Awarding such damages as Buckley shall establish in consequence of Universal's aforesaid acts of trademark infringement, false designation of origin, and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Plaintiff for her damages, pursuant to 15 U.S.C. §1117(a) and Pennsylvania Cons. Stat. Ann. Title 54 §1123;

F.      Ordering Universal to recall from all chains of distribution all goods, product packaging, product displays, promotional materials, advertisements,

commercials, infomercials, and other items, the dissemination by Defendant of which would violate the injunction herein requested;

G.      Ordering Universal to deliver up for destruction any and all goods, product packaging, product displays, promotional materials, advertisements, commercials, infomercials, and other items in the possession, custody, control of Defendant which if sold, displayed, or used would violate the injunction herein requested, and to disable any display on the internet to the extent such contains content which would violate the injunction herein requested.

H.      An award of such actual compensatory damages as Plaintiff shall establish in consequence of Defendant's infringing acts, or alternatively, an award of statutory damages pursuant to 17 U.S.C. §504(c), including enhanced damages for willful infringement;

I.      An award to Plaintiff of its attorneys' fees and costs pursuant to 17 U.S.C. §505;

J.      An award of actual compensatory damages as Plaintiff shall establish for Universal's acts of unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Plaintiff for its damages pursuant to 15 U.S.C. §1117(a);

K.      An award of actual compensatory damages as Plaintiff shall establish for Defendant's usage of Plaintiff's Copyrighted Works, together with appropriate interest thereon, and punitive damages;

L.      Awarding Plaintiff her costs and expenses in this action;

M.      A declaration that this is an exceptional case and an award to Plaintiff of her reasonable attorneys' fees incurred in prosecuting this action as provided by 15 U.S.C. §1117(a); and

N.      Such other and further relief as the Court deems just and proper.

McNEES WALLACE & NURICK LLC

Dated:  May 9, 2019                    By:   s/Carol Steinour Young
                                              Carol Steinour Young
                                              (Pa Bar Number: 55969)
                                              Lois B. Duquette
                                              (Pa. Bar Number: 80526)
                                              Emily H. Doan
                                              (Pa Bar Number: 322565)
                                              100 Pine Street
                                              P.O. Box 1166
                                              Harrisburg, PA 17108
                                              (717) 232-8000
                                              (717) 237-5300 (fax)

                                              Attorneys for Plaintiff, Karen Kay Buckley