IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN KAY BUCKLEY,** | : | **Civil No. 1:19-cv-794** |
| **Plaintiff,** | : | |
| v. | : | |
| **UNIVERSAL SEWING SUPPLY, INC.,** | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

## **MEMORANDUM**

Before the court is the Motion for Leave to File Amended Complaint (Doc. 18) filed by Plaintiff Karen Kay Buckley ("Plaintiff" or "Ms. Buckley"). For the reasons outlined below, the court shall grant the motion.

### **I.  BACKGROUND**

On May 9, 2019, Plaintiff filed suit against Defendant Universal Sewing Supply, Inc. ("Defendant"), bringing multiple causes of action arising from the core allegation that she has designed specialty quilt scissors that Defendant is illegally mimicking and selling for commercial gain. (Doc. 1.) On July 9, 2019, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue, alternatively requesting the court transfer the case to the Missouri district where Defendant resides. (Doc. 9.) On August 26, 2019, the court entered a scheduling order, setting September 3, 2019, as the deadline for amendment to pleadings. (Doc. 16, p. 2.)

1

On October 15, 2019, Plaintiff filed the motion for leave to amend her complaint and add three new causes of action stemming from the allegation that Defendant is using her name as a key search term to locate their own items. (Doc. 18.) Two days later, the court entered an order denying the motion to dismiss without prejudice, granting Plaintiff leave to conduct limited jurisdictional discovery but no substantive discovery. (Doc. 21.) The court also stayed all active deadlines. (*Id.*) Since then, Defendant has not sent out its own discovery requests or filed an answer—instead, it has opposed the motion for leave and filed a renewed motion to dismiss. The parties have now fully briefed the motion for leave to amend. It is thus ripe for disposition.

## II. STANDARD OF REVIEW

The parties dispute whether Rule 15 or Rule 16 provides the appropriate standard here. Federal Rule of Civil Procedure 16(b)(4) says a scheduling order issued by the court "may be modified only for good cause and with the judge's consent." Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the court entered a scheduling order setting pleading amendment and fact discovery deadlines in this case, the court did not permit the parties to engage in wholesale substantive discovery before then, and Defendant has not filed an answer in this case. Thus, the

court will invariably need to alter the scheduling order due to the progression of the case, not because Plaintiff now seeks leave to amend. This renders Rule 16 inapplicable and Rule 15 controlling.

"In general, the grant or denial of a motion for leave to amend, pursuant to Fed. R. Civ. P. 15(a), is within the sound discretion of the district court; it will be reversed only for an abuse of discretion." *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). The United States Supreme Court has laid out the appropriate method by which the court must decide, under Rule 15(a)(2), whether to grant leave:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court[.]

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "The burden is generally on the non-moving party to demonstrate why leave to amend should not be granted." *Heraues Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) (internal brackets and quotations omitted). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSZ Corp.*, 1 F.3d 1406, 1413-14 (3d Cir.

3

1993) (quoting *Cornell & Co.*, 573 F.2d at 823). To show sufficient prejudice, the non-movant must specifically show the disadvantage they will suffer is "substantial or undue," (*id.*) not merely "perceived," *Ndubizu v. Drexel Univ.*, No. 07-cv-3068, 2009 WL 3459182, at *1 (E.D. Pa. Oct. 26, 2009).

### III. DISCUSSION

Here, Defendant has not carried its burden of proving it will suffer any substantial or undue prejudice if Plaintiff is permitted to amend her complaint. Defendant has not put forward an affidavit or other evidentiary basis from which the court can glean it has invested any time or energy into preparing a defense that somehow must be substantially altered due to Plaintiff's new, conceptually-related allegation that Defendant is using Plaintiff's name to her commercial disadvantage. In fact, Defendant has neither filed an answer nor conducted any discovery, yet. As such, the court is inclined to permit amendment.

Defendant argues that Plaintiff acted with unexplained delay and "has acted in bad faith in requesting to file an Amended Complaint," with its sole evidentiary basis for this biting accusation being that Plaintiff already accused Defendant of selling its scissors through Amazon. (Doc. 25, pp. 4-5 (citing Doc. 1, ¶ 38).); *see also* BLACK'S LAW DICTIONARY 171 (11th ed. 2019) (defining bad faith as "[d]ishonesty of belief, purpose, or motive"). The court finds there is neither a factual nor legal basis for these arguments. Defendant bears the burden of proof

4

under Rule 15 and has introduced no evidence showing that its use of Plaintiff's name was occurring at the time Plaintiff filed suit. The court thus cannot infer that Plaintiff negligently failed to discover this information earlier.

Defendant cites *Febus-Cruz v. Sauri-Santiago*, 652 F. Supp. 2d 166, 169 (D.P.R. 2009) for the proposition that Plaintiff is requesting leave in "bad faith" because the information at issue was "available to them well before they requested leave to amend." (Doc. 25, p. 4.) But the *Febus* decision did not hold that the plaintiff neglected a duty to conduct research into its facts—it held that the plaintiff had actual knowledge of the facts at issue long before requesting leave and attempted to conceal this from the court, rendering its delayed request dilatory and in bad faith. *Febus-Cruz*, 652 F. Supp. 2d at 169. No such facts exist before this court today.

Defendant also relies on *Asahi Glass Company v. Guardian Industries Corporation*, 276 F.R.D. 417, 420-21 (D. Del. 2011) for the proposition that a movant is obligated to provide a rigorous explanation for why they failed to discover the additional facts they seek to add to their complaint when such information was contained in publicly-available documents. (Doc. 25, p. 5.) Yet the procedural history of *Asahi* was substantially different than this case. Before the movant sought amendment in *Asahi*, substantial discovery had taken place, and "the motion to amend in *Asahi* was filed six months after the deadline to amend and after the close of fact discovery." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-cv-54,

2012 WL 2365905, at *2 n.2 (D. Del. June 12, 2012) (distinguishing *Asahi* and granting leave to amend). Such delay and obstruction of litigation is significant because it places in context the *Asahi* court's elevated scrutiny over the movant's delay. Because the *Asahi* court found "certain prejudice to [the non-movant] is inherent on this timeline," it expected a greater explanation from the movant than the court here requires. *Asahi Glass Co.*, 276 F.R.D. at 420; *see also Cornell & Co.*, 573 F.2d at 823 ("Delay alone, however, is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party."). This leaves futility as the sole basis upon which the court may deny Plaintiff leave to amend.

Here, Defendant argues it would be futile for Plaintiff to add her three new claims because they would fail state a claim. To support its explanation of the law governing Plaintiff's new causes of action, Defendant string-cites a long list of out-of-jurisdiction cases. Many of the citations are fragmented, rendering the court unable to locate the cited authorities. *See* Local Rule 7.8(a) ("Briefs shall contain complete citations of all authorities relied upon, including whenever practicable, citations both to official and unofficial reports."). Moreover, based on Defendant's usable citations, it appears that Defendant has cited no Pennsylvania or Third Circuit authority for any of its arguments.

The closest Defendant comes to citing self-evidently persuasive authority is in its reference to an Eastern District of Pennsylvania case where the court denied the defendant's motion to dismiss and stated that Pennsylvania recognizes a cause of action for the commercial use of another's name. *See AFL Philadelphia LLC v. Krause*, 639 F. Supp. 2d 512, 529-32 (E.D. Pa. 2009). As such, Defendant has not shown Plaintiff's amendment will be futile. *See Pitt. Nat'l Bank v. Welton Becket Assocs.*, 601 F. Supp. 887, 891 (W.D. Pa. 1985) ("On a motion to dismiss, made pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, the burden of proof lies with the moving party."). Defendant is free to re-raise its arguments on 12(b)(6) if it properly cites binding authority on this court or explains why other authority is persuasive.

## IV. CONCLUSION

For the reasons outlined above, the court shall grant the motion, authorizing Plaintiff to file an amended complaint adding its three new causes of action. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: January 29, 2020

7